UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH ANN LEONARDO, as proposed administratrix of the estate of MICHAEL J. LEONARDO<br><br>V.<br><br>NANCY-CHRISTINE, INC., F/V NANCY CHRISTINE, her commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, and the proceeds of its hull insurance policy, *in rem* | Civil Action No._____ |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR *IN REM* ARREST OF VESSEL F/V NANCY CHRISTINE IN ADMIRALTY

Now comes the Plaintiff, Deborah Ann Leonardo, by and through her attorney, move *ex parte* pursuant to Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for an order of *in rem* arrest directing the United States Marshal to proceed forthwith and arrest the F/V NANCY CHRISTINE'S, (U.S.C.G. Doc. No. 594179) commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, (hereinafter referred to as the "Vessel"), and for an order establishing a lien on the proceeds of its hull insurance policy, to enforce maritime liens for a tort that occurred on September 12, 2004, pursuant to the Federal Maritime Lien Act, as amended

and recodified at 46 U.S.C. section 31301, et seq. and the general maritime law of the United States. As grounds the Plaintiff states the following:

Plaintiff filed a Verified Complaint in Admiralty in the above captioned matter asserting that on or about September 12, 2004, the Plaintiff died sea as the result of the Vessel capsizing. Damages arising out of maritime tort give rise to a lien which the seaman is entitled to perfect through process of an *in rem* proceeding, 46 U.S.C. §31301 (5)(B). Section 46 U.S.C. §31301 (5)(B) states"…(A) 'preferred maritime lien' means a maritime lien on a vessel-…(B)  for damages arising out of a maritime tort;"

Federal law creates the substantive right to a maritime lien against the vessel. The action to perfect and enforce this lien is provided for in Rule C of the Supplemental Rules for Admiralty and Maritime Claims. Under Rule C.(1), "[a]n action in rem may be brought: (a) to enforce any maritime lien…"

The enforcement of a maritime lien may be brought without notice after the filed verified complaint and supporting papers are reviewed by the court. If the Court's review of the complaint and the documents in support of the application reveals that a prima facie bona fide *in rem* claim exists, the Court is to issue an order to the Marshal to seize and arrest the vessel, including its commercial fishing license, Rule C(3). "The rule envisions that the order will issue upon a prima facie showing that the plaintiff has an action *in rem* against the defendant in the amount sued for and that the property is within the district." 46 U.S.C.A. Supplemental Rules for Cerain Admiralty and Maritime Claims, Rule C, Notes of Advisory Committee on Rules (Comment on 1985 Amendment).

2

The *in rem* seizure of a vessel pursuant to Rule C, without a preliminary hearing, is constitutional and should be ordered so long as the procedural protections stated within Rule C are provided to the ship owner. Merchants National Bank v. Dredge General G.L. Gillespie, 633 F. 2d 1338, 1339 (5th Cir. 1981). cert. dismissed, 456 U.S. 966 (1982); Amstar Corp. v. S/S Alexandros T, 664 F. 2d 904 (4th Cir. 1981).[1]

In present application, plaintiff requests the Court to order the United States Marshal to seize and arrest the commercial fishing license in order to secure Plaintiff's maritime lien and to assert *in rem* jurisdiction over the license. The F/V NANCY CHRISTINE was caused to sink as a result of the accident. The urgency of obtaining the requested relief cannot be overstated. If the commercial fishing license is sold, the plaintiff will have no recourse for enforcement of the lien. This Court should issue and order directing the United States Marshal to seize and arrest the commercial fishing license immediately, in order to conserve and protect the vessel. In addition, as the F/V NANCY CHRISTINE has sunk, the vessel itself cannot be arrested to enforce the plaintiff's maritime lien. As such, the plaintiff requests that this court order establish a lien on the proceeds of the hull insurance policy on the F/V NANCY CHRISTINE.

WHEREFORE, Plaintiff, Deborah Ann Leonardo, request that this Honorable Court enter an order of *in rem* arrest directing the United States Marshal for proceed forthwith and arrest the F/V NANCY CHRISTINE, (U.S.C.G. Doc. No. 594179), her commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising

---

[1] These decisions were determined under prior Rule C which afforded the vessel owner less protection than provided under the 1985 amendment to the Rule. The present rule requires judicial scrutiny before the order is issued, whereas the prior rule provided for the clerk of the Court to issue without judicial review.

from, issued to, attaching to, or appurtenant to said vessel, thereto, until transfer of the license to whatever substitute custodian is designated by this Court, as well as an order establishing a lien on the proceeds of the hull insurance policy on the F/V NANCY CHRISTINE.

    A proposed order of *in rem* is attached hereto.

                              Respectfully submitted
                                for the Plaintiff,
                                Deborah Ann Leonardo,
                                by her attorneys,

                                */s/ Thomas J. Hunt*
                                Thomas J. Hunt, Esq.
                                BBO# 244680
                                Frank S. Gattuso, Esq.
                                BBO# 653132
                                Thomas J. Hunt & Associates
                                18 North Water Street
                                New Bedford, MA  02740
                                (508) 994-7300 (Telephone)
                                (508) 984-0755 (Facsimile)

Dated: 10-5-2004