UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH ANN LEONARDO,                    CIVIL ACTION
as Proposed Administratrix               NO: 04-12120-NMG
of The Estate of Michael
J. Leonardo,
    Plaintiff,

vs.

NANCY CHRISTINE, INC. and THE F/V
NANCY CHRISTINE, Her Commercial
Fishing Licenses, Permits, Limited
Entry Rights, Quotas, Moratorium
Permits/Licenses and all other
Fishing Rights, History, Privileges,
or Entitlements Arising from, Issued
to, Attaching to, or Appurtenant to
said Vessel, and the Proceeds of its
Hull Insurance Policy, In Rem,
    Defendants.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR IN REM ARREST OF THE F/V NANCY CHRISTINE

Now comes the defendant, Nancy Christine, Inc., in the above-captioned matter, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and files its Opposition to Plaintiff's Ex Parte Motion for In Rem Arrest of the F/V NANCY CHRISTINE. As grounds in support of its Opposition, the defendant submits the following for the Court's consideration.

**<u>BACKGROUND</u>**

On September 3, 2004, the F/V NANCY CHRISTINE, which is owned by the defendant, was returning to Fairhaven, Massachusetts after completing a fishing trip.  At that time, there were two (2) crewmembers onboard, Wayne Ingam and Michael Leonardo.  Mr. Ingham is the brother of the President of Nancy Christine, Inc., Bruce Ingham.  Both of these crewmembers had served onboard the F/V NANCY CHRISTINE numerous times in the past.  While en route to Fairhaven, the vessel experienced heavy seas and sank in Muskeget Channel at approximately 1830 hours.  There were no survivors.  Mr. Ingham's body was recovered later that evening by the United States Coast Guard.  Mr. Leonardo's body was recovered by the Massachusetts State Police several days later.

Following the casualty, the U.S. Coast Guard considered raising the vessel because it allegedly created an obstruction to navigation.  After several weeks, the U.S. Coast Guard determined that it was too dangerous to recover or otherwise raise the vessel because of its location.  As such, the vessel is currently lying in approximately 30 feet of water off of Martha's Vineyard.

**ARGUMENT**

The plaintiff has filed an ex parte motion seeking the *in rem* arrest of the F/V NANCY CHRISTINE and its fishing licenses pursuant to Supplemental Rule C. The plaintiff is also seeking that an Order be issued "establishing a lien on the proceeds of its hull insurance policy." The defendant submits that a warrant for the arrest of the F/V NANCY CHRISTINE should not be issued because the plaintiff does not have an enforceable maritime lien against the vessel. The defendant further submits that the plaintiff does not have a valid maritime lien against the hull insurance proceeds for the F/V NANCY CHRISTINE.

Pursuant to the provisions of Supplemental Rule C, an *in rem* action can <u>only</u> be instituted to enforce a maritime lien or according to a statute of the United States that otherwise permits an *in rem* proceeding. *F.R.Civ.P. Supp. Rule C(1)*. In the case *sub judice*, the plaintiff does not have an enforceable maritime lien because the vessel has been lost at sea. It is well settled that a maritime lien is extinguished once the res, in this case the F/V NANCY CHRISTINE, is lost or destroyed. See, i.e. <u>Maritrend, Inc. v. M/V SEBES</u>, 1997 WL 660614 (E.D.La. 1997) ("[w]hen the M/V COVASNA sank and disappeared, it carried its

creditors' maritime liens with it to the ocean floor")
citing <u>Walsh v. Tadlock</u>, 104 F.2d 131, 132 (9th Cir. 1939)
("[w]ith the total destruction of the vessel the liens
thereon were of necessity extinguished"); <u>West of England
Ship Owners Mutual Protection & Indemnity Ass'n v.
Patriarch Steamship Co.</u>, 491 F.Supp. 539 (D.Mass. 1980)
("[t]he sale of the vessel for scrap destroyed the res,
and with it the opportunity to proceed in rem to recover a
debt owing"); Thomas J. Schoenbaum, *Admiralty & Maritime
Law*, §9-5 02d ed. 1994) ("[m]aritime liens are also
extinguished by the destruction of the res.  In such a
case the lien is destroyed along with the vessel or other
property").

     The plaintiff cannot assert an *in rem* action and seek
the arrest of the F/V NANCY CHRISTINE pursuant to
Supplemental Rule C because she does not have an
enforceable maritime lien.  The vessel has been lost at
sea and all maritime liens against the vessel, asserted or
unasserted, have been extinguished as a matter of law.
The plaintiff has not cited any other United States
statutes that allow her to assert an *in rem* action against
the vessel.  Accordingly, the defendant submits that this
Honorable Court should properly deny the requested relief

and not issue a warrant for the arrest of the F/V NANCY CHRISTINE pursuant to Supplemental Rule C.

The defendant further submits that the plaintiff does not have a maritime lien against the vessel's hull insurance proceeds.  It is well settled that insurance proceeds for loss or damage to the vessel are not considered property of the vessel and, as a result, are not subject to a maritime lien.  See, i.e. *dictum* in Gowen, Inc. v. F/V QUALITY ONE, 2001 a.m.c. 1478 (1ST Cir. 2001), and; Farland v. T&T Fishing Corp., 626 F.Supp. 1136 (D.R.I. 1986) ("[a]ll of the cases I have found have uniformly held that a lien on a ship does not transfer into a lien on the insurance proceeds paid as a result of loss or damage to the ship") and the cases cited therein. The plaintiff does not have a maritime lien against the vessel's hull insurance proceeds as a matter of law. Accordingly, this Honorable Court should not issue an "Order establishing a lien on the proceeds" as requested.

**WHEREFORE**, the defendant, Nancy Christine, Inc., prays that this Honorable Court not issue a warrant for the arrest of the F/V NANCY CHRISTINE pursuant to Supplemental Rule C, and not issue an Order establishing a maritime lien against the vessel's hull insurance proceeds.

6

By it attorneys,

**CLINTON & MUZYKA, P.C.**


<u>"/s/Kenneth M. Chiarello"</u>
Thomas J. Muzyka
BBO NO: 365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

Dated:  November 2, 2004