United States District Court
District of Massachusetts

```
_____
                               )
DEBORAH ANN LEONARDO,          )
                               )
        Petitioner,            )
                               )    Civil Action No.
        v.                     )    04-12120-NMG
                               )
NANCY-CHRISTINE, INC., et. al.,)
                               )
        Respondents.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Deborah Ann Leonardo, proposed administratrix of the estate of Michael J. Leonardo, brought an action against the F/V Nancy Christine and her owner, the fishing licenses, the proceeds of her hull insurance policy and related assets for negligence and unseaworthiness of the F/V Nancy Christine, seeking damages with respect to the sinking of the vessel on September 12, 2004, during which the plaintiff's decedent drowned.  Along with that action, plaintiff filed a motion for arrest of the F/V Nancy Christine, her commercial fishing licenses and appurtenant rights and an order establishing a lien on the proceeds of the hull insurance policy.

Rule C of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims sets forth procedures for courts issuing warrants for the arrest of a vessel in an actions brought in rem to enforce a maritime lien, but

-1-

before arrest is warranted the plaintiff must have a valid maritime lien on the property.

Unfortunately, from the plaintiff's perspective, she cites no caselaw or any specific statutory reference to support the assertion that she is entitled to the maritime lien in question, and, in fact, the relevant caselaw does not support her position. An individual cannot obtain a maritime lien on a sunken vessel. See Maritrend, Inc. v. M/V Sebes, 1997 WL 660614 (E.D.La.) and cases cited therein. Further, most courts have held that a maritime lien does not extend to proceeds from a ship's hull insurance policy. See Gowen, Inc. v. F/V Quality One, 244 F.3d 64, 68 (1st Cir. 2001); Walsh v. Tadlock, 104 F.2d 131, 132 (9th Cir. 1939). Moreover, it is doubtful that a maritime lien would be appropriate with respect to property related to the vessel, such as the fishing licenses and permits, if a lien on the vessel itself is not appropriate. Because plaintiff has provided no legal authority to support her claim for a maritime lien and an in rem arrest, the motion will be denied.

### ORDER

Based upon the foregoing memorandum, plaintiff's motion for in rem arrest (Docket No. 2) is DENIED.

**So ordered.**

                                       /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated: November 3, 2004