UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH ANN LEONARDO,<br>as Proposed Adminstratrix<br>of The Estate of Michael<br>J. Leonardo,<br>    Plaintiff,<br><br>vs.<br><br>NANCY CHRISTINE, INC. and THE F/V<br>NANCY CHRISTINE, Her Commercial<br>Fishing Licenses, Permits, Limited<br>Entry Rights, Quotas, Moratorium<br>Permits/Licenses and all other<br>Fishing Rights, History, Privileges,<br>or Entitlements Arising from, Issued<br>to, Attaching to, or Appurtenant to<br>said Vessel, and the Proceeds of its<br>Hull Insurance Policy, In Rem,<br>    Defendants. | CIVIL ACTION<br>NO: 04-12120-NMG |

**DEFENDANT, NANCY CHRISTINE, INC.'S, ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the defendant, Nancy Christine, Inc., in the above-captioned matter, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respond to the allegations contained in Plaintiff's Complaint and Demand for Jury Trial as follows:

**PARTIES & JURISDICTION**

1. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and therefore denies same.

2. The defendant admits the allegations contained in Paragraph No. 2.

3. Paragraph No. 3 contains allegations of law not requiring a response, but to the extent that a response is required, the defendant denies the legal allegations contained therein.

## COUNT I
### NEGLIENCE & UNSEAWORTHINESS

4. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 3 inclusive and incorporates same as if fully set out herein.

5. The defendant admits that it owned, possessed, managed and operated the F/V NANCY CHRISTINE on September 3, 2004. The defendant denies the remaining allegations contained in Paragraph No. 5.

6. Paragraph No. 6 contains allegations of law not requiring a response, but to the extent that a response is required, the defendant denies the legal allegations contained therein.

7. The defendant admits the remaining allegations contained in Paragraph No. 7.

8. The defendant denies the allegations contained in Paragraph No. 8.

9. The defendant admits that Michael Leonardo was declared missing at sea following the sinking of the F/V NANCY CHRISTINE, and further admits that his body was recovered several days after its sinking. The defendant denies the remaining allegations contained in Paragraph No. 9.

10. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 and therefore denies same.

11. The defendant denies the allegations contained in Paragraph No. 11.

12. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 and therefore denies same.

13. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13 and therefore denies same.

14. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 and therefore denies same.

15. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 and therefore denies same.

16. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 and therefore denies same.

17. The defendant denies the allegations contained in Paragraph No. 17.

18. The defendant denies the allegations contained in Paragraph No. 18.

**WHEREFORE**, the defendant, Nancy Christine, Inc., prays that this Honorable Court dismiss Plaintiff's Complaint and Demand for Jury trial together with costs and reasonable attorney's fees.

### AFFIRMATIVE DEFENSES

The defendant, Nancy Christine, Inc., incorporates the following Affirmative Defenses into each and every Count in its Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states there has been insufficiency of Process and Service of Process.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from his own negligence and failure to exercise the degree of care and skill reasonably required of a seaman and not due to any negligence or fault on the part of the defendant.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from an Act of God or a condition not created by the defendant, its employees, servants and/or agents.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendant had no control and for whom the defendant was and is not responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendant; and that the damaged claimed herein exceeds the value of the vessel, including its pending cargo; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, or and concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that Plaintiff's Complaint and Demand for Jury Trial should properly be dismissed because the plaintiff does not have standing to assert a cause of action on behalf of the Estate of Michael Leonardo as she has not been appointed Personal Representative.

**WHEREFORE**, the defendant, Nancy Christine, Inc., prays that this Honorable Court dismiss Plaintiff's Complaint and Demand for Jury Trial with costs and reasonable attorney's fees.

**THE DEFENDANT, NANCY CHRISTINE, INC.,
DEMANDS TRIAL BY JURY ON ALL ISSUES RAISED IN PLAINTIFF'S
COMPLAINT AND DEMAND FOR JURY TRIAL, AND ITS ANSWERS**

**AND AFFIRMATIVE DEFENSES CONTAINED HEREIN WITH THE EXCEPTION OF LIMITATION OF LIABILITY WHICH IS UNIQUE FOR THE COURT'S DETERMINATION.**

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Thomas J. Muzyka"
Thomas J. Muzyka
BBO NO: 365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA 02108

February 1, 2005